UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| W.D. HENTON, | ) | CASE NO. 1:19 CV 462 |
| | ) | |
| Plaintiff, | ) | JUDGE DAN AARON POLSTER |
| | ) | |
| vs. | ) | **MEMORANDUM OPINION AND** |
| | ) | **ORDER** |
| | ) | |
| OHIO DEPARTMENT OF | ) | |
| REHABILITATION AND | ) | |
| CORRECTION, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the Court on the Complaint of *pro se* Plaintiff W.D. Henton against Defendant Ohio Department of Rehabilitation and Correction ("ODRC") (Doc. # 1). Plaintiff, who states that he is confined at the Belmont Correctional Institution, brings this action pursuant to 42 U.S.C. § 1983. In his brief Complaint, Plaintiff alleges that Defendant denied him medication, therapy, and counseling for unidentified injuries sustained before and after his incarceration, and that continued "hurt, injury, harm, and pain" have resulted (*id*. at 3). Plaintiff asks this Court to order medication, treatment, therapy, and counseling, and to award Eight Million Dollars in damages (*id*. at 5).

For the reasons that follow, this case is dismissed.

# I. STANDARD OF REVIEW

Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to dismiss an *in forma pauperis* action under 28 U.S.C. § 1915(e) if it fails to state a claim upon which relief can be granted, or if it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996). An action has no arguable basis in law when a defendant is immune from suit or when a plaintiff claims a violation of a legal interest which clearly does not exist. *Neitzke*, 490 U .S. at 327.

When determining whether the Plaintiff has stated a claim upon which relief can be granted, the Court must construe the Complaint in the light most favorable to the Plaintiff, accept all factual allegations as true, and determine whether the Complaint contains "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). In *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Supreme Court explained that "a claim has facial plausibility when the Plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.

# II. ANALYSIS

In order to state a claim under 42 U.S.C. § 1983, Plaintiff must allege that a person acting under color of state law deprived him of his rights, privileges, or immunities secured by the Constitution or the laws of the United States. *West v. Atkins,* 487 U.S. 42, 48 (1988). The ODRC is an agency of the State of Ohio and, therefore, not a "person" under § 1983 for the

purposes of the statute. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 65-66 (1989).

Moreover, as an agency of the State of Ohio, the ODRC may not be sued in federal court unless the State has consented to suit or the State's Eleventh Amendment immunity has been abrogated by Congress. *See Seminole Tribe of Fla. v. Florida*, 517 U.S. 44, 54-58 (1996). When enacting § 1983, Congress did not abrogate the State's Eleventh Amendment immunity. *Will*, 491 U.S. at 65-66. Nor has the State of Ohio consented to suit under § 1983. *See Wolfel v. Morris*, 972 F.2d 712, 718 (6th Cir. 1992) (the State of Ohio has not waived its immunity to suit in § 1983 cases).

The only defendant in this action – the ODRC – is an agency of the State of Ohio and is immune from suit in federal court pursuant to the Eleventh Amendment for damages and injunctive relief.[1] *See Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993) (The Eleventh Amendment "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments[.]") (citing *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100-01 (1984)) (further citation omitted); *Damstoft v. Ohio*, 24 F. App'x 299, 300 (6th Cir. 2001) ("Unless immunity is expressly waived, a state and its agencies are immune from an action for damages and injunctive relief, and in some cases even declaratory relief, in federal court.") (citing *Welch v. Texas Dep't of Highways and Pub. Transp.*, 483 U.S. 468, 472-73 (1987) and *Thiokol Corp.*, 987 F.2d at 381); *Bratton v. Univ. of*

---

[1] Plaintiff's claims do not contain an *Ex parte Young* exception to the State of Ohio's Eleventh Amendment immunity. *See Whitfield v. Tennessee*, 639 F.3d 253, 257 (6th Cir. 2011) ("An *Ex parte Young* action may be commenced only against a state official acting in her official capacity and may 'seek [only] prospective relief to end a continuing violation of federal law.'") (quoting *Carten v. Kent State Univ.*, 282 F.3d 391, 395 (6th Cir. 2002)).

*Akron*, 142 F.3d 432 (Table) (6th Cir. 1998) ("The University of Akron, as an instrumentality of the State of Ohio, is immune from an action for damages and injunctive relief in federal court because Ohio has not expressly waived its immunity.") (citing *Welch*, 483 U.S. at 472-73; *Thiokol Corp.*, 987 F.2d at 381).

Accordingly, this action is dismissed pursuant to §1915(e)(2).[2]

### III. CONCLUSION

For all of the foregoing reasons, this action is **DISMISSED** pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[3]

**IT IS SO ORDERED**.

  s/*Dan Aaron Polster*    9/12/2019
**DAN AARON POLSTER**
**UNITED STATES DISTRICT JUDGE**

---

[2] Even if the ODRC were not immune from suit, this case would nevertheless be dismissed pursuant §1915(e)(2) for failure to state a plausible claim upon which relief may be granted. In order to state a plausible § 1983 claim under the Eighth Amendment for deliberate indifference to a serious medical need, a plaintiff must satisfy both an objective and subjective component. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective component requires the existence of a "sufficiently serious" medical need. *Id*. That is, "the inmate must show that he is incarcerated under conditions posing a substantial risk of harm." *Id*. The subjective component requires an inmate to show that prison officials have a sufficiently culpable state of mind in denying him medical care. *Id*. In order to satisfy this culpable state of mind, the prison official "must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Id*. at 837. Here, even liberally construing the Complaint, Plaintiff's allegations are insufficient to plausibly allege either component of an Eighth Amendment claim.

[3] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken *in forma pauperis* if the trial court certifies that it is not taken in good faith.